[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Bonnie S. Klimkosky, age 39, whose maiden name was Bonnie Sue Demires, and the defendant, Alexander Klimkosky, age 41 were married on August 5, 1972 at Plymouth, Connecticut. There are two minor children issue of the marriage, Alexander Theodore Klimkosky, born December 26, 1975 and Carrie Ann Klimkosky, born April 19, 1978. Both parties seek a dissolution based upon irretrievable breakdown, custody and other relief including a claim for joint custody by the defendant.
From the evidence, the court finds that the marriage has broken drawn irretrievably and that the party primarily responsible for the breakdown is the plaintiff wife. While in a marriage of approximately nineteen years no one can be entirely innocent when the marriage fails, in this case, the court cannot find that any actions of the defendant were sufficient to be considered as a cause of the breakdown. The most that can be said of Mr. Klimkosky is that he has been a dull, faithful, hard-working husband who has been devoted to his wife and children until he was wrongfully evicted from the family home on an ex parte restraining order based upon a false affidavit.
On the other hand, Mrs. Klimkosky, while not openly adulterous, has engaged in flirtatious conduct with younger men and others and orchestrated a situation where contact with the defendant and his children is almost non-existent. The son has little desire to see his father and at this time CT Page 6495 the daughter resists all contact including telephone calls. In the opinion of the court, the plaintiff has poisoned the minds of the children against their father by information about the divorce including a claim that he is unwilling to support them and that "they will starve". In addition to the actions of the mother, the father has contributed to the breakdown with the children by interrogation of the children, especially the son, during the minimal contact he has had.
A principal point of dispute between the parties is the issue of custody. The plaintiff seeks sole custody while the defendant requests joint custody with physical custody to the plaintiff. The family relations report recommends as follows:
 RECOMMENDATION: It is recommended that sole custody of the two minor Klimkosky children be awarded to mother. It is recommended that father be granted reasonable rights of visitation with his fifteen and one half year old son, the specifics of which are to be determined through their mutual agreement and that any visitation with the minor thirteen year old daughter be considered following a period of individual counseling of both to determine whether such visitation would be beneficial and enriching to the child.
The court adopts the recommendation of the Family Relations Officer. The Court is also aware of the wishes of the children. Conn. Gen. Stat.46b-56 (g). In the case of the son, Alexander, the court recognizes that some difficulty exists, but nevertheless orders the parties to participate in conciliation with a family relations officer on the question of joint custody. Emerick v. Emerick, 5 Conn. App. 649, 657, Conn. Gen. Stat.46b-56a. Prior to the separations, there was a close relationship between father and son which should be rekindled. The court also awards reasonable visitation of the daughter Carrie to the defendant, subject to the condition that no visitation should be forced without the concurrence of the minor child Carrie. Each party shall be directed to take all reasonable steps to actively foster and encourage a meaningful, healthy and continuing relationship between the other party and the children. Neither party shall involve the children in any subject of controversy or acrimony between the parties. Neither party shall make any negative comments about the other in the presence of the children. The plaintiff shall provide to the defendant copies of school calendars, notices of events, report cards, medical reports and the like.
In July 1990, the son was involved in an accident causing serious injuries. Mrs. Klimkosky has refused to pursue legal action to protect her son and his legal cause of action. Mr. Klimkosky plans to sue for medical expenses. As the father of Alexander, he is also authorized to bring suit as guardian ad litem and next friend of Alexander. As the party responsible for the bills, the father has a right to pursue legal action and the concurrence of the mother is not required.
The parties own jointly real estate located at 174 Atwood Road, CT Page 6496 Thomaston, Connecticut valued at $120,000.00 to $145,000.00 according to their respective financial statements. There is a mortgage on this property of approximately $14,500.00. Occupancy of this property is necessary for the welfare of the children and therefore the wife may occupy the family residence during the minority of the children, her death, vacating the home, her remarriage, cohabitation with an unrelated male or May 1, 1996. The property shall be listed for sale if then occupied by the wife on or before January 1, 1996 or sooner if she vacates. During her occupancy, Mrs. Klimkosky shall pay the mortgage, taxes and insurance. All costs of repairs in excess of $250.00 shall be divided equally. Upon the sale of the residence, the proceeds shall be split equally.
There is outstanding on the property taxes due April 30, 1991 in the amount of $2,125.68 and a sewer lien of $156.95. The defendant shall pay to the plaintiff as lump sum alimony $1,400.00 payable at the rate of $100.00 per month on or before the 15th day of each month commencing August, 1991.
The defendant is employed at Grossite earning $320.00 per week with a net of $243.02. The plaintiff works at Amazing Stores earning $240.00 a week with a net of $195.88. Under these circumstances no alimony is awarded. Child support in in the amount of $55.00 per week per child is awarded. The defendant shall provide medical insurance as available through his employment. All unreimbursed medical expenses shall be shared equally. Commencing in 1991, the plaintiff shall have the income tax deduction for Alexander and the defendant the tax deduction for Carrie. The defendant is insured under a life insurance policy in the face amount of $95,000.00, He shall name the children as beneficiaries on said policy until emancipated provided that when only one child is a minor, one half of said policy may be released for a substitute beneficiary.
The court appointed atty. for the minor children has submitted a bill at the rate of $125.00 per hour. The court finds that a reasonable fee for these services to be $3,500.00. These fees shall be shared by the parties 60% by the defendant and 40% by the plaintiff. These fees shall be paid within thirty days out of the Thomaston Savings Bank accounts held by the parties for the benefit of the minor children. When the real estate is sold, reimbursement shall be made to these accounts from each party's share, $2,100.00 from the defendant and $1,400.00 from the plaintiff, together with simple interest at the rate of 6%.
Both the plaintiff and the defendant have an automobile which shall be their respective property. The owner shall be responsible for all payments due and hold the other party harmless. As to the debts shown on their respective affidavits, each party shall be responsible for the debts shown thereon. One dollar a year alimony is awarded to each party modifiable only as necessary to protest the other party for debts on his or her affidavit as the case may be. Since no evidence was offered as to specific items, all personal property in the family home shall be the property of the CT Page 6497 plaintiff except as to obvious personal items such as clothing.
The court having found that the marriage has broken down irretrievably, judgment may enter dissolving the marriage and enter orders as set forth herein.
PICKETT, J.